# APRIL, 1921

ABILENE INDEPENDENT· TELEPHONE & TELEGRAPH COMPANY v. JOHN
WILLIAMS ET AL.

No. 2728.   Decided April 6, 1921.

. (229 S. W., 847.)

1.—Judgment—Corporation—Misnomer.·

Misnomer of a corporation defendant has no different effect from the
misnomer of an individual defendant.  The misnomer of either which cannot
mislead merely entitles the defendant to abate the proceeding until the mis-
nomer be corrected, not to enjoin the enforcement of the judgment as void.
(P. 105).

2.—Same—Case Stated.

An employee of the Abilene Independent Telephone & Telegraph Co. who
had suffered personal injuries in its service, suing for damage thereby, de-
scribed defendant as the "Abilene Independent Telephone Company." and
had citation so styling defendant served on its general manager.. Counsel
for defendants, declining to answer, but suggesting the misnomer as friend
of the court, suffered judgment to go by default.  Held, that the judgment
was not void and the company was not entitled to injunction restraining
execution thereon.  (Pp. 103-106).

3.—Cases Discussed—Void and Voidable.

McGhee v. Romatka, 92 Texas, 38, approved and followed.  Southern
Pac. Co. v. Block Bros., 84 Texas, 22, distinguished as holding judgment not
void, but merely erroneous and reversible on appeal.  (Pp. 105, 106).

Error to the Court of Civil Appeals for the Second District, in
an appeal from Taylor County.

The Abilene Ind. Telephone & Telegraph Co. brought suit for in-
junction restraining the enforcement by execution against it of a
judgment by default recovered by Williams, in which it was im-
properly described as the Abilene Ind. Telephone Co., defendant.
Verdict and judgment was for plaintiff under a peremptory in-
struction to find in its favor.  Defendants appealed and the judg-
ment was reversed and rendered in their favor, denying the in-
junction sought (168 S. W., 402).  Appellee, the company, then
obtained writ of error.

Ben L. Cox, for plaintiff in error.—The citation which was served
upon Gus Koltz in cause No. 3085 was insufficient to confer upon
said court jurisdiction over the Abilene Independent Telephone &
Telegraph Company for the purpose of rendering a default judg-
ment against it in said suit, and the default judgment rendered
therein against Abilene Independent Telephone Company is no judg-
ment against this appellee and is void as against this appellee, and
the trial court therefore properly directed a verdict for the plain-

tiff.  Mecca Fire Ins. Co. v. Campbell, 145 S. W., 630; Bickford v. Refugio Land and Ir. Co., 143 S. W., 1188; R. S. of 1911 Art. 1852; Railway Co. v. Rawlings, 16 S. W., 430; Spaulding Mfg. Co. v. Kuykendall, 151 S. W., 1122.

*Scarborough & Hickman,* for defendant in error.—Citation served upon the party intended to be sued although by a wrong name and he suffers a default without pleading the misnomer in abatement, and judgment is taken against him, he is concluded thereby, and in all future litigation when identity is established he is connected with the judgment the same as if he had been properly named in the first instance.  McGhee v. Romatka, 92 Texas, 38, 45 S. W., 552; Freeman v. Hawkins, 77 Texas, 498; Sou. Pac. Co. v. Graham, 12 Texas Civ. App., 565, 34 S. W., 135; La Fayette Ins. Co. v. French, 18 How., 404, 15 Law Ed., 451; Parry v. Woodson, 33 Mo. 347, 84 Am. Dec., 51; Bank v. Jaggers, 100 Am. Dec. 53; Penn. Co. v. Sloan, 17 N. E., 37; Black on Judgments, Vol. I, p. 255, Sec. 213; Stuyvesent v. Weil, 53 L. R. A., 562; A. & V. Ry. Co. v. Bolding, 13 Sou., 844; Hoffield v. Board of Education, 7 Pac., 216; Casper v. Klippen, 63 N. W., 737; Vogel v. Brown Township, 14 N. E., 77; Emery v. Kipp, 19 L. R. A. (N. S.), 983-988; Townes on Texas Pleading, 359; Tryon v. Butler, 9 Texas, 553; Sayles on Pleading, Sec. 38; Thornily v. Prentice, Note, 100 Am. St., 331; Freeman on Judgments, Sec. 154, 2nd Edition; A. E. Enc. Law, 1st Edition, Vol. 17, page 490-491; Cyc., Vol. 32, page 436, Note; A. E. Enc. of Pleading and Practice, Vol. 14, page 300, and Vol. 1, page 12; A. E. Enc. Law, 1st Edition, Vol. 16, page 141; Hille v. Neale, 69 N. E., 717; Bloomfield Ry. Co. v. Burres, 82 Ind., 84; Heckman's Adm. v. L. & N. Ry. Co., 4 S. W., 342; Gilbert v. Bank, 5 Mass., 97; Enc., Evidence, Vol. 7, page 856, 867; Prichard v. McCord Collins Co., 30 Texas Civ. App., 582, 71 S. W., 303; Wells Fargo & Co. Express v. Bilkiss, 136 S. W., 799; Standard Enc. of Proceedure, Vol. 5, page 604; Whittlesey v. Frantz, 74 N. Y., 461; Bank v. Huntington Distilling Co., 23 S. E., 792; Thompson on Corporations, Sec. 318; Clark on Corporations, Sec. 153.

MR. JUSTICE GREENWOOD delivered the opinion of the court.
This suit involves the single inquiry as to the binding effect of a judgment by default upon a corporate defendant, intended to be sued, and actually served with citation which showed it was the identical party from whom a recovery was sought, where the defendant is misnamed in the petition, citation and judgment.
The object of the suit, which was brought by the plaintiff in error, Abilene Independent Telephone and Telegraph Company, against defendants in error, John Williams and the sheriff of Taylor

County, was to enjoin the collection from the plaintiff in error of a judgment of the District Court in favor of Williams in a cause wherein the defendant was named as the Abilene Independent Telephone Company.

The ground for the injunction, under facts presenting no substantial conflict, was that no judgment had been rendered, and no suit had been brought, and no citation had been issued or served, against the Abilene Independent Telegraph and Telephone Company by its true corporate name.

A corporation named "Abilene Telephone Company" was engaged in the operation of telephone lines at Abilene from 1885 to 1895 when its franchise was forfeited and it retired from business. In 1910 the "Abilene Independent Telephone and Telegraph Company" was chartered in Missouri, and took out a permit to do business in Texas, under which it has since owned and operated lines of telephone at Abilene. In May 1911, John Williams was in the employ of the "Abilene Independent Telephone and Telegraph Company." On February 15, 1913, John Williams filed a petition in the District Court of Taylor County, complaining of the "Abilene Independent Telephone Company," for the recovery of $27,000 damages for personal injuries alleged to have been sustained by him while in defendant's employment as a lineman in Abilene, as the proximate result of acts of negligence of defendant, acting through its foreman. The petition recited that the defendant, of whom the recovery was sought, was and had been doing a general telephone business in Abilene. Citation issued on this petition whereby the officer was commanded to summon the "Abilene Telephone Company" to appear and answer the petition. The citation gave the name of the defendant as "Abilene Telephone Company." In stating the nature of the suit, the petition was copied in full in the citation. The citation was returned served on the "Abilene Independent Telephone Company by delivering to Gus Klotz, local manager for said Company at Abilene, Texas, the within named defendant," in person, a true copy of the writ. On the date of service of the citation, Gus Klotz was the general manager of plaintiff in error. At the return term of the District Court, the attorney for plaintiff in error expressly declined to appear in its behalf, but as a friend of the court he exhibited a charter showing the true name of plaintiff in error to be "Abilene Independent Telephone and Telegraph Company." After hearing evidence, the trial court fixed damages sustained by John Williams at $7500, and judgment was entered in his favor and execution was ordered to issue for that sum, against the defendant, "Abilene Independent Telephone Company."

The above facts admit of no other conclusion than that plaintiff in error was sued by a name different from that stated in its charter,

and further that neither the petition nor the citation left in doubt the identity of the plaintiff in error as the party intended to be sued. Under that state of facts, it was clearly obligatory on plaintiff in error to appear and answer the plaintiff's petition, in obedience to the citation served upon it, or else be bound by the judgment to be entered on its default. No more can in reason be required than that a corporate defendant be fully informed that suit has been brought against it. If, with that information, it elects not to interpose timely objection to a mistake in its name, it ought to be treated as having waived the mistake.

The misnomer of a corporation defendant has no different effect from the misnomer of an individual defendant. Hoffield v. Board, of Education, 33 Kans., 644, 7 Pac., 216. The misnomer of either, which cannot mislead, merely entitles the defendant to abate the proceeding until the misnomer be corrected. Tryon v. Butler, 9 Texas, 553.

McGhee v. Romatka, 92 Texas, 38, 45 S. W., 552, presented the question whether a judgment was binding on Jinks McGhee, when rendered against Alpheus McGhee, on a petition against Alpheus McGhee, and on citation to Alpheus McGhee, served on Jinks McGhee. Jinks McGhee was never known by any such name as Alpheus McGhee; but he was the only child of Alpheus McGhee Sr. and M. A. McGhee; and, the petition showed that the defendant was the minor son of Alpheus McGhee Sr., and M. A. McGhee. The citation which was served on Jinks McGhee was accompanied by a copy of the petition. It was determined that the judgment was not void but was binding, and that the misnomer of Jinks McGhee was "available only by plea in abatement" in the suit against him under the name of Alpheus McGhee.

In the opinion in the case of Lafayette Ins. Co. v. French, 18 How., 409, 15 L. Ed., 451, from which Judge Denman took a part of the language in which he announced the court's conclusion that the judgment bound Jinks McGhee, the Supreme Court of the United States said: "The only question open here is whether, if a mistake be made in the name of a defendant, and he fails to plead it in abatement, the judgment binds him, though called by a wrong name. Of this we have no doubt. Evidence that it was an erroneous name of the same person must, therefore, be admissible; otherwise, a mistake in the defendant's name, instead of being available only by plea in abatement, would render a judgment wholly inoperative." To the same effect is Parry v. Woodson, 33 Mo., 348, 84 Am. Dec., 51, also cited in McGhee v. Romatka, supra.

There is little dissent in the American courts from this view. 1 Black on Judgments, sec. 213; Note on page 728, L. R. A., 1916 F; Anderson v. Zorn, 62 Texas Civ. App., 547, 131 S. W. 838.

Mr. Freeman says: "The weight of authority is, that if the writ is served on the party, by a wrong name, intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein." 1 Freeman on Judgments, sec. 154, p. 279.

Much reliance is put by plaintiff in error on the opinion of the Commission of Appeals, adopted by the Supreme Court, in the case of the Southern Pacific Co. v. Block Bros., 84 Texas, 22, 19 S .W., 300, wherein it was held that neither a petition nor a citation which gave the name of the defendant as the Southern Pacific Railway Company "authorized service upon the Southern Pacific Company."

The question determined was not whether the judgment against the Southern Pacific Company was void but merely whether the trial court committed error in entering a default judgment against that company on a petition and citation against a corporation with a different name.

Numberless errors entitle a party to a reversal of a judgment on appeal or writ of error which are of no avail when relied on to support a collateral attack on the judgment or to furnish a basis for equitable relief against the enforcement of the judgment.

The McGhee v. Romatka case presented the question as to whether the judgment there considered was void, and the question was decided in the negative.

This case presents no question of a party's right to have a default judgment reversed, on appeal or writ of error, for error of the trial court, like the Southern Pacific Company case, but its decision depends on whether plaintiff in error is entitled to have the judgment complained of held void, or is entitled to have its enforcement enjoined.

The judgment is not void. Under thoroughly settled principles, equitable relief against the enforcement of the judgment must be denied. It will suffice to mention one matter essential to such relief, and that is, that the defendant was prevented from making its defense at the proper time without fault on its part. Coffee v. Ball, 49 Texas, 25. Here the defendant failed to defend because it deliberately chose to take the risk of being able to successfully assail the validity of the judgment, after its entry.

Plaintiff in error is bound by the judgment, and is not entitled to enjoin its collection under execution. The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*