ROBINSON v. WATKINS et al.   (No. 9310.)*

(Court of Civil Appeals of Texas. Dallas.
Feb. 7, 1925. Rehearing Denied
April 4, 1925.)

**1. Parties ⬌94(2)—Misnomer in designating receiver's capacity held waived by failure to interpose plea of abatement.**

Where plaintiff's suit against defendant as "receiver of C. House, a private corporation," was a misnomer in that it should have been brought against him as receiver of such house, operated by designated individuals, a partnership, fact of receiver's appearance and answering to the merits, in his proper capacity, without objecting to the misnomer or calling it into question by a proper plea, as by a plea of abatement, *held* a waiver of the misnomer.

**2. Parties ⬌94(2)—General demurrer does not raise question of misnomer.**

General demurrer does not raise question of misnomer.

**3. Parties ⬌94(2)—Plea in abatement properly raises question of misnomer in designating suable capacity of defendant.**

Plea in abatement properly raises question of misnomer in designating suable capacity of defendant.

**4. Judgment ⬌244—Judgment against receiver held not void as constituting variance with pleadings and proof.**

Where defendant receiver was sued as "receiver of the C. House, a private corporation" instead of as receiver of such house, operated by two designated individuals, a partnership, a judgment rendered against him as receiver of C. House *held* not void as constituting variance with pleadings and proof, where the misnomer could not and did not mislead defendant, but merely entitled him to abate the proceedings until the misnomer could be corrected.

**5. Parties ⬌94(2)—Failure to deny by special plea capacity in which party sues or is sued dispenses with proof to sustain allegation of capacity.**

Failure to deny by special plea capacity in which party sues or is sued dispenses with requirement of proof to sustain allegation of capacity.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by S. D. Watkins and another against J. D. Robinson, as receiver. Judgment for plaintiffs, and defendant appeals. Affirmed.

Davis, Johnson & Handley, of Dallas, for appellant.

John White and W. A. Hudson, both of Dallas, for appellees.

VAUGHAN, J.   Appellees, as plaintiffs, filed their suit in the court below against J. D. Robinson, "receiver of the Campbell House, a private corporation," as defendant, to recover damages on account of personal injuries sustained by S. D. Watkins on the 28th day of June, 1923, one of the appellees, minor son of appellee Mrs. Lula Watkins, while in the service of said receiver working at a hotel at the corner of Elm and Harwood streets, Dallas, Texas, known as the "Campbell House" and operated by said J. D. Robinson as the duly appointed, qualified, and acting receiver.

It is further alleged that by reason of the injuries received by said S. D. Watkins, he sustained damages in the sum of $10,000 and that by reason of appellee Lula Watkins being denied the contributions that would have been made by said S. D. Watkins during his minority to her support and maintenance, and contributions for that purpose that he would have made after he had reached the age of 21 years, appellee Lula Watkins had sustained damages in the sum of $5,000.

J. D. Robinson, receiver of the Campbell House, operated by P. S. Campbell and R. C. Campbell, a partnership, filed an answer denying liability. A trial before a jury resulted in verdict and judgment in favor of appellees for $5,500, being apportioned as follows: $5,000 to appellee S. D. Watkins, and $500 to appellee Lula Watkins, from which judgment an appeal was duly prosecuted and is now before us on the following proposition: "A material variance as to party defendant between the allegations in the pleadings and the proof submitted by the parties to the suit will not support a judgment at variance with both the pleadings and the proof"—based on the following assignment of error:

"The trial court erred in entering the judgment sought by the plaintiff herein, and in granting the motion of the plaintiff for judgment as presented by the plaintiff, in this: In the pleadings on which the plaintiff went to trial the receiver, J. D. Robinson, is sued as 'J. D. Robinson, receiver of the Campbell House, a private corporation'; the record testimony in this case shows that J. D. Robinson was appointed receiver to take charge of the business and affairs of the partnership existing between Percy S. Campbell and Roy C. Campbell; and said receiver was ordered to take charge of the business and affairs of said partnership, consisting of a hotel business operated under leased premises and property at corner of Harwood and Elm streets, Dallas, Tex.; and the judgment entered in this case is against J. D. Robinson, receiver of the Campbell House Hotel; that the pleadings and proof do not correspond as to who is the defendant; the judgment as entered is against a party different to the party sued and different to the party shown by the proof to be the defendant; and the pleadings and proof do not support the judgment as entered."

The suit was filed against J. D. Robinson, receiver of the Campbell House, a private

---

corporation, as defendant. The material allegations of the petition in this respect being as follows:

"Now comes S. D. Watkins, a minor, by and through next friend, Lula Watkins, and Lula Watkins, a feme sole, individually, plaintiffs, complaining of the Campbell House, a private corporation, hereinafter styled defendant, * * * that the defendant J. D. Robinson was the duly appointed, qualified, and acting receiver of the Campbell House hotel, all the property and franchise of the said Campbell House hotel, and he is still said receiver of said Campbell House, and the said Campbell House, being a hotel then and now operated in the city of Dallas, Dallas county, Tex., and the defendant then and now being engaged in the business of operating and controlling said Campbell House hotel for the general public for pecuniary profit through a duly pending receivership. * * *"

Appellant, as the receiver sued, appeared. and answered in his name and proper capacity, to wit, receiver of the Campbell House operated by P. S. and R. C. Campbell, a partnership, without objecting to the misnomer, being content to answer thereto as the proper party sued.

J. D. Robinson, the party sued as receiver, appeared in the court below for trial as receiver of the Campbell House operated by P. S. and R. C. Campbell, a partnership, and, as such defendant, contested with appellees their right to recover on the merits of the case presented by them. Judgment was rendered in favor of appellees against J. D. Robinson, receiver of the Campbell House hotel.

That the suit as brought against J. D. Robinson, receiver of the Campbell House, a private corporation, as defendant, was erroneous and a misnomer as to the correct name of the parties owning the estate that had been committed to the said J. D. Robinson, as receiver, there can be no question. This made available to the defendant a plea in abatement, the effect of which would have been to suspend further proceedings, that is, to have temporarily abated the cause of action until the grounds existing for the plea, to wit, the misnomer had been removed, which right was just as secure under the law to appellees as the right to urge the plea in abatement was to the appellant. Cartwright v. Chabert, 3 Tex. 261. If the appellant, as defendant in the court below, had elected to plead the misnomer in abatement of appellees' cause of action, this error giving rise to the plea could have been removed or corrected by an appropriate amendment alleging the correct names of the parties owning the estate committed to the care of J. D. Robinson as receiver, then, as to said misnomer and plea in abatement, the cause would have proceeded to trial as if such misnomer had never existed. Tousley v. Butler, 9 Tex. 252.

271 S.W.—19

[1] The party sued was J. D. Robinson, as receiver. He appeared and answered as the party sued and, that the correct party defendant appeared and answered as being the party in fact sued and against whom judgment was sought and obtained, there can be no question. And, as such defendant, appellant having appeared and pleaded without objecting or calling into question by appropriate plea the misnomer, urged for the first time in motion for new trial, he will be deemed to have waived the error in name to the same effect as if he had consented to the filing of the suit in the name as alleged in appellees' petition, viz., as receiver of the Campbell House, a private corporation. Cartwright v. Chabert, supra. This error could not be more serious to the proceedings than if it had been a mistake in the surname of a party defendant, for as held in Tousley v. Butler, supra, it can make no difference whether the misnomer pleaded be the Christian or surname, the rule is the same.

[2-4] The general demurrer presented to and passed on by the court was not sufficient to raise the question of misnomer; that not being the office of a general demurrer but one that rests with a plea in abatement. Schaff v. Nash (Tex. Civ. App.) 193 S. W. 469. Therefore, the judgment as rendered against J. D. Robinson, receiver of the Campbell House hotel, does not render the judgment ineffectual as against J. D. Robinson, receiver of the Campbell House operated by P. S. Campbell and R. C. Campbell, a partnership, as the misnomer complained of on this appeal could not, and did not, mislead appellant but merely, as above stated, entitled him to abate the proceedings until the misnomer could be corrected. Arcola Sugar Mills v. Doherty (Tex. Civ. App.) 254 S. W. 650; Abilene Ind. Tel. & Tel. Co. v. John Williams et al., 111 Tex. 102, 229 S. W. 847; Rowan et al. v. Stowe (Tex. Civ. App.) 193 S. W. 434; St. Louis, Brownsville & Mexico Ry. Co. of Tex. v. Dallas Cooperage & Woodenware Co., 268 S. W. 769, decided January 17, 1925, opinion by Chief Justice Jones of this court, not yet [officially] published.

[5] Appellees, having alleged that appellant was receiver of the Campbell House, a private corporation, being the capacity in which he was sued, and having failed to file a plea denying the capacity in which he was sued, were not required to prove that appellant was receiver of the Campbell House, a private corporation, the rule being, as stated in the case of Schaff v. Nash, supra, that when the capacity in which a party sues, or is being sued, is not denied by special plea, proof to sustain the allegation is not required, and a general demurrer does not raise the issue. To the same effect is the holding in the case of Lancaster v. Mebane (Tex. Civ. App.) 260 S. W. 259.

The record discloses that the proper party

was sued as receiver, but in the wrong name, in so far as designating the parties owning the estate committed to his charge as receiver is concerned. That citation was properly issued to and served on appellant is to be assumed from the fact that he appeared and answered, and that such service was had on the party in fact sued. Appellant appeared and answered to the merits of the suit and, by failing to present plea in abatement suggesting the wrong name, waived said misnomer. Therefore, we conclude that appellant is bound by the judgment in his capacity as receiver of the Campbell House operated by P. S. Campbell and R. C. Campbell, a partnership, and that the judgment should be affirmed.

Affirmed.