### BROCKMAN et al. v. ECHOLS et al.
### (No. 567.)

Court of Civil Appeals of Texas. Eastland. Dec. 6, 1929.

Saunders & Atchison, of Breckenridge, for appellants.

D. T. Bowles, of Breckenridge, for appellees.

LESLIE, J. In this cause the plaintiffs, J. B. Barnes and Pate Echols, individually and as trustees for the Oak Grove common school district No. 29 in Stephens county, Tex., sued to enjoin the annexation of said district to the Caddo independent school district No. 3 of said county. A temporary writ of injunction was granted, and later, at a trial in term time, the temporary order was perpetuated, and this appeal is prosecuted by the defendants. The county school trustees of Stephens county, a corporate body, the individual trustees being named, the county superintendent of Stephens county, the Caddo independent school district No. 3 of Stephens county, and certain individuals alleged to be acting as trustees of the newly created district, were all made parties defendants, and are appellants here. The litigants will be referred to as in the trial court.

In the outset the trial court overruled a general demurrer urged by the defendants to the plaintiffs' petition, and, by assignments of error to this order, and four propositions, the defendants seek to present for review in this court a question of misnomer in respect to the defendants, the county school trustees of Stephens county, state of Texas, and the Caddo independent school district No. 3 of Stephens county, Tex. No other specific contention is presented, and it is claimed that such misnomer is fatal to any valid judgment against the defendants.

■ On the face of the pleadings, the contention is without merit as to either of said corporate defendants. At places throughout the pleadings the county school trustees of Stephens county, state of Texas, are mentioned as the "County Board of School Trustees," composed of certain persons, naming them, or as "the County Board of School Trustees of Stephens County, Texas," and in such other analogous terms and descriptions as render it impossible for any one to be misled by the pleadings or misinformed as to the real parties defendants. Certainly these complaining defendants were not misled, since each of them voluntarily entered his appearance and contested the suit. Having so appeared and failed to raise the question of misnomer by plea in abatement or otherwise, they will not now be heard to present such contention under an assignment relating to the action of the court in overruling a general demurrer.

In Townes' Texas Pleadings (2d Ed.) p. 522, under the subject-matter "Enumeration of Matters Which Must be Presented by Pleas in Abatement," this language is used:

"Before passing to the consideration of pleas in bar, we will enumerate some matters which must be set up by pleas in abatement.

"Misnomer of a party is one of these, and unless it is so plead advantage can not be taken of the error except in the few cases in which variance between allegation and proof may be insisted on, as in case of written instruments in which the misnomer is descriptive of the instrument."

■ Further, it is well understood that a general demurrer does not raise a question of misnomer. Our Supreme Court, in Abilene Independent Telephone & Telegraph Co. v. Williams et al., 111 Tex. 102, 229 S. W. 847, 848, held:

"The misnomer of a corporation defendant has no different effect from the misnomer of an individual defendant. Hoffield v. Board of Education, 33 Kan. 644, 7 P. 216. The misnomer of either, which cannot mislead, merely entitles the defendant to abate the proceeding until the misnomer be corrected. Tryon v. Butler, 9 Tex. 553."

Other authorities to the same effect: Robinson v. Watkins et al. (Tex. Civ. App.) 271 S. W. 288, and numerous authorities therein cited.

■ In its attempt to annex said common school district with the Caddo independent school district aforesaid, it appears that the county school trustees of said county failed to comply, in one respect at least, with the provisions of chapter 78, General & Sp. Laws of the State of Texas (Acts 40th Leg., 1st Called Sess. 1927), relating to rural high school districts. The respect in which the county school trustees failed to comply with the provisions of the law consists in its undertaking to annex said common school district to an independent school district without "the approval of the Board of Trustees of each school district affected." Article 2922A, Revised Civil Statutes 1925, as amended by the Legislature June 8, 1927. (Gen. & Sp. Laws 40th Leg., 1st Called Sess. [1927] c. 78). Without such consent, the board was without jurisdiction or statutory authority to annex said district. We are therefore of the opinion that the trial court did not err in entering its judgment perpetually enjoining the board from carry out and enforcing the order of August 16, 1928, by virtue of which it undertook to annex two districts.

The plaintiffs' pleadings appear to be sufficient, the sufficiency of the testimony to support the allegations is not questioned, and, no fundamental error appearing upon the record, the judgment of the trial court is affirmed.