## MATTOCKS v. LLOYD OIL CORPORATION OF TEXAS.

### No. 7714.

Court of Civil Appeals of Texas. Austin.
Dec. 23, 1931.

Rehearing Denied Jan. 13, 1932.

R. C. Armstrong, Jr., of Fort Worth, and Critz & Woodward, of Coleman, for appellant.

McCartney & McCartney, of Brownwood, for appellee.

BLAIR, J.

This appeal is from an order of the trial court overruling a motion to dissolve a temporary injunction granted appellee, Lloyd Oil Corporation of Texas, restraining appellant, A. L. Mattocks, and the sheriff of Coleman county, from selling certain oil and gas leases belonging to appellee, levied upon to satisfy a judgment in favor of appellant against the Lloyd Oil Corporation of Texas, but which appellee claimed in its petition for injunction to be against Lloyd Oil Corporation, a Delaware corporation.

■ The trial court should have dissolved the temporary injunction because it appears from the undisputed testimony and the record in the cause in which the judgment was rendered that the defendant in that judgment and in the execution levied and enjoined in this proceeding was the Lloyd Oil Corporation of Texas, and not the Lloyd Oil Corporation, a Delaware corporation, as found by the trial court.

The record in the judgment cause shows that the suit was filed by appellant in the district court of Tarrant county, complaining of "Lloyd Oil Corporation, incorporated under the laws of the State of Texas," with its "office and place of business * * * located at 422 Worth Building, Fort Worth, Texas." Citation issued to "Lloyd Oil Corporation, a corporation." The sheriff's return showed that the citation was "executed in Tarrant County, Texas, by delivering a true copy of the citation to Lloyd Oil Corporation, a corporation, by delivering to its local Sec., Miss C. Herring." On the back of the citation returned by the sheriff was indorsed: "A. L. Mattocks, 4 Floor Worth Bldg. vs. Lloyd Oil Corporation, 422 C. Herring, Sec."

The answers to the petition and amended petition alleged that "comes now the defendant, Lloyd Oil Corporation, and demurs generally to the plaintiff's petition", and "the defendant denies each and every allegation," etc., and "defendant" further answered setting up special defenses to the contract sued upon, such as that it was never authorized by its board of directors, or that it was procured by fraud of appellant, but nowhere denied that it was not the contract of the Lloyd Oil Corporation of Texas. Nor did it claim that it was answering for Lloyd Oil Corporation, a Delaware corporation. The judgment decreed that "the plaintiff, A. L. Mattocks, do have and recover of and from the defendant, Lloyd Oil Corporation, judgment * * * to which judgment the defendant, Lloyd Oil Corporation," excepted and gave notice of appeal. No appeal was perfected. The execution issued on the judgment and herein enjoined recited that "A. L. Mattocks, plaintiff, recover judgment against Lloyd Oil Corporation, defendant."

On August 3, 1928, A. D. Lloyd, R. G. Baker, and M. U. Baker, wife of R. G. Baker, formed a private corporation, named Lloyd Oil Corporation, under the laws of Texas, to engage in the oil and gas business. These same parties amended their corporate charter October 5, 1929, by changing the name of the corporation to "Lloyd Oil Corporation of Texas." The contract sued upon was dated February 7, 1930, and was signed as follows: "R. G. Baker, V-President Lloyd Oil Corporation. A. L. Mattocks."

Witness Jimmie Cox, an agent for Lloyd Oil Corporation, a Delaware corporation, testified that "there is a Lloyd Oil Corporation which is a Delaware Corporation, and a Lloyd Oil Corporation of Texas * * * that each corporation has its own set of books, and their properties are carried under their own respective titles." And with respect to the contract in the judgment suit he testified that he "negotiated the deal but that I did not sign the purchase order. Mr. Baker signed it. At that time we were representing the Lloyd Oil Corporation." The witness did not give any information as to where the Lloyd Oil Corporation of Delaware did business. Nor did he give the name or residence of any of its officers. Nor did he claim that the Delaware corporation instead of the Texas corporation was served with citation in the judgment suit, where appellant specifically sued the Texas corporation on the contract which witness by inference only claimed to have been the act of the Delaware corporation.

■■ We think the record in the judgment suit conclusively establishes the fact that appellant sued the Lloyd Oil Corporation of Texas; that the said Corporation admitted by its answer that it was the "defendant" sued in that suit. Its answers were signed by "Mack Taylor, Attorney for Defendant." There is no proof of any character that Mack Taylor was attorney for the Delaware corporation. No plea in abatement was filed in the judgment suit that appellant had sued the wrong corporation, but the Lloyd Oil Corporation answering as "defendant" in that suit against the Lloyd Oil Corporation of Texas, urged that the contract had not been authorized by its board of directors, or that its execution was procured by the fraud of appel-

lant. Under these facts and circumstances the Lloyd Oil Corporation of Texas is bound by the judgment. The mere fact that the judgment was against "Lloyd Oil Corporation, defendant," instead of against the Lloyd Oil Corporation of Texas, is immaterial, because all the pleadings and record in the judgment suit clearly showed that the Lloyd Oil Corporation of Texas was sued and held liable for breach of the contract which the witness by inference only claimed to be the contract of the Delaware corporation, but which the answer of the Lloyd Oil Corporation of Texas admitted was its contract if legally executed. And, if there was a misnomer of the defendant in the judgment, it would not affect the validity of the proceedings or judgment, but might on proper request abate the proceedings until the misnomer be corrected. Abilene Ind. Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Dexter & Carpenter, Inc., v. Jarnvagsstyrelsen (C. C. A.) 43 F.(2d) 705; 33 C. J. 1200; Thompson on Corporations (3d Ed.), §§ 65 and 72.

The order appealed from is set aside, and the temporary injunction is dissolved.

Order appealed from set aside, and temporary injunction dissolved.