## NUECES HARDWARE & IMPLEMENT CO. v. JECKER.

No. 8971.

Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1933.

John A. Mobley, of Corpus Christi, for plaintiff in error.

J. Turner Vance, of Refugio, for defendant in error.

MURRAY, J.

Frank Jecker, defendant in error, brought this suit in the county court of Refugio county, Tex., against the Nueces Hardware & Implement Company, plaintiff in error, to recover a certain sum of money. The petition, the citation, and the sheriff's return described the plaintiff in error as Nueces Hardware Company. On call day a default judgment was entered against the Nueces Hardware Company. The plaintiff in error, on the same day and shortly after default judgment was taken, filed a motion to set aside judgment by default; the motion was afterwards amended. Defendant in error replied to said motion, and a hearing was had. The trial court sustained exception to motion to set aside default judgment on the ground that the motion was not properly verified. Plaintiff in error thereupon asked leave to amend, which was refused, an exception was taken, and said motion was then overruled.

Defendant in error then presented to the court his motion to reform the default judgment by rendering judgment against Nueces Hardware & Implement Company, and the court, after hearing evidence, found, among other things, that the Nueces Hardware & Implement Company is a private corporation, organized and existing under and by virtue of the laws of the state of Texas, and is now engaged in business and transacting the same under the name of Nueces Hardware Company, and that, by filing motion to set aside said default judgment, the Nueces Hardware & Implement Company had entered its appearance for all purposes, and the court then reformed the judgment to read against the Nueces Hardware & Implement Company.

The most serious question presented to us in this case is, Will a judgment by default be permitted to stand against the Nueces Hardware & Implement Company, where said corporation is described in the petition, in the citation and in the sheriff's return, as the Nueces Hardware Company, and where said matter is called to the attention of the trial court by motion filed on the same day said default judgment was taken?

This question is almost the exact question passed upon in the case of Mecca Fire Ins. Co. v. Campbell (Tex. Civ. App.) 145 S. W. 630, 631. Justice Reese, in speaking for the court, used the following language: "The majority of the court is of the opinion that the citation and service thereof are insufficient to authorize judgment by default against the 'Mecca Fire Insurance Company (Mutual) of Waco, Tex.' Briefly stated the majority holds that prima facie the two names are names not of the same but of different corporations. Southern Pac. Co. v. Block, 84 Tex. 21, 19 S. W. 300; John Bickford v. Refugio Land &

Irrigation Co., 143 S. W. 1188, decided by this court at present term. It is recognized that, where a corporation in the transaction of its business uses indifferently its proper corporate name and another name slightly different, it may be sued and service be had upon it by either name, as in case of a private individual; but that, if this is attempted to be done, the petition should allege the fact, and that in the absence of a substantial allegation of such fact, evidence cannot properly be heard, and if heard cannot properly be considered, that the corporation is known by both names, or makes use of both names indifferently in the transaction of its business, upon familiar principle that facts not alleged, though proven, cannot be made the basis of a judgment. It is held by the majority that there is no such allegation in the petition, and if the policy attached as an exhibit inferentially shows this fact, it cannot be looked to in order to aid the petition and supply the want of such allegation therein. Shuttuck v. Griffin, 44 Tex. 566, 567; Wynne v. State National Bank, 82 Tex. 378, 382, 17 S. W. 918. The plaintiff's case fails, not for want of the necessary proof, but for want of the necessary allegations in the petition. It follows that the court erred in rendering judgment by default, for which error the judgment should be reversed and the cause remanded."

We feel that this is a correct statement of the law on this subject, and, when applied to the present case, requires the reversal of this judgment.

At the time the default judgment was rendered in the present case, there was no pleading upon which the court could base a finding that the Nueces Hardware Company and the Nueces Hardware & Implement Company were one and the same corporation, and that both names were used indifferently by said corporation.

What allegations were made and what proof was heard on the motion to set aside this judgment could not be used to supply the lack of allegation in the petition at the time default judgment was granted. At the time default judgment was taken, there was nothing in the petition or the citation to put the Nueces Hardware & Implement Company on notice that defendant in error would contend that it was known by the name of Nueces Hardware Company.

Revised Statutes 1925, art. 2022, states, as one of the requisites of a citation, that it shall give the names of all the parties to the suit. The statutory requirements with reference to a citation are uniformly held to be mandatory, and, unless complied with, it is insufficient to support a judgment by default. Where the name of the defendant is misstated in the face of the citation, a judgment by default based thereon must be reversed. See

Beck v. Nelson (Tex. Civ. App.) 17 S.W.(2d) 144. In this case the name of the Nueces Hardware & Implement Company does not appear in the citation; yet judgment by default is rendered against 'it. This was error.

Defendant in error cites the case of Abilene Ind. Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S. W. 847, 848, in which case it was stated that a corporation sued by wrong name would be held to have waived the mistake unless it appealed or sued out a writ of error. The above case was a suit to enjoin execution under a judgment but was not an appeal or writ of error from the original judgment as is the case under consideration. In the Abilene Case we find the following language used: "Numberless errors entitle a party to a reversal of a judgment on appeal or writ of error, which are of no avail when relied on to support a collateral attack on the judgment or to furnish a basis for equitable relief against the enforcement of the judgment."

The fact that the present case is a writ of error from the original judgment and not a collateral attack on same is sufficient to distinguish this case from the Abilene Case.

Contention is made by plaintiff in error that a legal service of citation was not shown in this case. As this question will not arise hereafter, plaintiff in error having entered its appearance herein by prosecuting this appeal, and in view of the fact that we are reversing and remanding the judgment herein, we have not deemed it necessary to discuss this proposition.

For the 'error pointed out, the judgment of the lower court is reversed, and the cause remanded.