## WHITAKER CHEVROLET CO. v. BLACKSHER.

### No. 1936.

Court of Civil Appeals of Texas. Eastland.
Oct. 13, 1939.

D. T. Bowles, of Breckenridge, for plaintiff in error.

John Lee Smith, of Throckmorton, for defendant in error.

LESLIE, Chief Justice.

G. L. Blacksher instituted this suit against the W. C. Whitaker Chevrolet Co., a corporation, with its principal office in Throckmorton, in that county. Citation issued to such defendant and was served by the sheriff as evidenced by his return in this manner: " * * * by delivering to each of the within named defendants, in person, a true copy of this citation (together with the accompanying certified copy of plaintiff's petition) at the following times and places, to-wit:

| Names | Date | | | Time | | |
|---|---|---|---|---|---|---|
| | Month | Day | Year | Hour | Min | —M |
| Guy Stubblefield | | 8 | 38 | 10 | | AM " |

May 4, following, a judgment by default was taken against the defendant so named. The record otherwise shows no answer by said defendant, no appearance, and no waiver of service of citation.

The Whitaker Chevrolet Co., a corporation, fearing an effort might be made in the future to enforce the above judgment against itself, prosecutes appeal by writ of error to this court and raises the question of sufficiency of the service indicated to support a judgment by default. We think the point is well taken. Sufficient service is not shown by such record to support a default judgment (thus directly challenged) against the W. C. Whitaker Co., a corporation, much less against the Whitaker Chevrolet Company, a corporation.

The copy of the citation was delivered to Guy Stubblefield, who was not a "within named defendant." There was but one alleged defendant, the W. C. Whitaker Chevrolet Co., a corporation. Such service as that reflected does not support a judgment by default. Arts. 2022, 2026, 2029, R.S. 1925, Vernon's Ann.Civ.St. arts. 2022, 2026, 2029; Texas Pipe Line Co. v. Miller, Tex. Civ.App., 71 S.W.2d 348; Southern Pac. Co. v. Block, 84 Tex. 21, 22, 19 S.W. 300; Abilene Independent Tel. & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Nueces Hdw. & Implement Co. v. Jecker, Tex.Civ.App., 56 S.W.2d 474.

The service is not according to law, and the question presented is not controlled by equitable considerations. The attack made on the judgment is a direct one. In distinguishing the facts involved in the opinion in Abilene Independent Tel. & Telegraph Co. v. Williams, supra, from those involved in Southern Pac. Co. v. Block, the Supreme Court in the first named opinion said [111 Tex. 102, 229 S.W. 848]: "The question determined was not whether the judgment against the Southern Pacific Company was void, but merely whether the trial court committed error in entering a default judgment against that company on a petition and citation against a corporation with a different name. Numberless errors entitle a party to a reversal of a judgment on appeal or writ of error, which are of no avail when relied on to support a collateral attack on the judgment or to furnish a basis for equitable relief against the enforcement of the judgment."

The opinion in Adams v. Consolidated Underwriters, Tex.Sup., 124 S.W.2d 840, has no application to the facts of this record. There all parties were present in court, participating in the trial. No default judgment was involved and the court,

with all the facts before it, concluded that the Consolidated Underwriters and the alleged Consolidated "Casualty" Underwriters designated the same party or identical defendant. In other words, that Adams filed a suit against the compensation insurance carrier of his employer, the Consolidated Underwriters.

The judgment of the trial court is reversed and the cause remanded.