**Woody B. CRAIG, Appellant,**

v.

**WHITE PLAZA HOTEL, Inc., Appellee.**

No. 3351.

Court of Civil Appeals of Texas.

Waco.

April 5, 1956.

Rehearing Denied April 26, 1956.

Pichinson, Utter & Chase, Dean B. Kirkham, Corpus Christi, for appellant.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellee.

TIREY, Justice.

This appeal is from an order granting defendants' motion for summary judgment. In the judgment we find this recital: " * * * the Court proceeded to consider such motions, with supporting affidavits attached thereto, the depositions on file, the pleadings in this cause and the stipulations entered into in open Court * * * and the argument of counsel and the authorities submitted, and finding that they show an absence of any genuine issue of any material fact, * * * and that all the defendants herein are entitled to summary judgment in their favor as a matter of law" and the court decreed that plaintiff take nothing. This cause involves the application of Art. 5539b, Vernon's Ann.Civ. Stats.

The judgment is assailed on three points. They are that the court erred (1) in holding that White Plaza Hotel was a new party defendant upon which the statute of limitations had run; (2) in failing to hold that there was but a mistake and misnomer between White Plaza Hotel, Inc., and White Plaza Hotel, which is the true, assumed and registered name under which this defendant operating the hotel at Corpus Christi conducts its business; and (3) in failing to hold that defendant's failure to file plea in abatement pointing out the discrepancy between the White Plaza Hotel, Inc., and its true, assumed name of White Plaza Hotel entitled plaintiff to amend and substitute White Plaza Hotel for White Plaza Hotel, Inc., as the right defendant had been sued and served but under the wrong name so that plaintiff was entitled to correct the mere misnomer as the true defendant, White Plaza Hotel, operating such hotel in Corpus Christi, has been before the court from the inception of the case.

Appellee's counter points are to the effect (1) that the filing of suit against the White Plaza Hotel, Inc., did not toll the statute of limitations against Corpus Christi Properties Company, a separate and distinct existing corporation; (2) the rules of law of misnomer are not applicable to this case because plaintiff first sued White Plaza Hotel, Inc., and by amendment sought to substitute or add Corpus Christi Properties Company, a separate and distinct corporation, as defendant; (3) the suit being only against White Plaza Hotel, Inc., such defendant was not required to file plea in abatement and a general denial placed all material allegations in issue; (4) on the basis of the record the court properly rendered summary judgment for White Plaza Hotel, Inc., which corporation did not own or operate the hotel where the cause of action arose; and (5) on the record the cause of action alleged against Corpus Christi Properties Company and Corpus Christi Properties Company, under its assumed name of White Plaza Hotel, was barred by

the two-year statute of limitation, Vernon's Ann.Civ.St. art. 5526, and the court properly rendered summary judgment for Corpus Christi Properties Company and Corpus Christi Properties Company under its assumed name of White Plaza Hotel.

In appellant's brief we find this statement:

"This is an action for personal injuries sustained by plaintiff, Woody B. Craig, when he fell on the floor of the White Plaza Barber Shop, located in the tunnel and basement of the White Plaza Hotel in Corpus Christi. Suit was brought against White Plaza Hotel, Inc. Service was made on the Manager, Jack DeForrest, and such defendant appeared and answered in that name. No Plea in Abatement as to misnomer or mistake in name was filed by this defendant. After the two-year limitation period plaintiff amended to correct the misnomer as concerned the name of the defendant and pointed out that this defendant operated under the assumed registered name of White Plaza Hotel and also did business under the name of Corpus Christi Plaza Hotel and operated the White Plaza Barber Shop and that the true corporate name of this same defendant was Corpus Christi Properties Company. Plaintiff accordingly prayed for judgment, against this defendant in its assumed name of White Plaza Hotel (as distinguished from the misnomer of White Plaza Hotel, Inc.) and against it in its true corporate name of Corpus Christi Properties Company. Defendant then amended its answer and filed one answer for 'White Plaza Hotel, Inc.' and another for 'White Plaza Hotel,' 'Corpus Christi Plaza Hotel' and 'Corpus Christi Properties Company' asserting that 'White Plaza Hotel, Inc.' had nothing to do with the White Plaza Hotel at Corp; ; Christi and owned and operated the White Plaza Hotel in Dallas, Texas, and that the cause of action as against 'White Plaza Hotel', 'Corpus Christi Plaza Hotel' and 'Corpus Christi Prop-

erties Company' was now barred by the statute of limitations. Motion for summary judgment was then filed asserting that 'White Plaza Hotel', 'Corpus Christi Plaza Hotel' and 'Corpus Christi Properties Company' was a new and different defendant and that plaintiff's cause of action was therefore barred by limitations. The trial court granted such motion for summary judgment and ordered that plaintiff take nothing as against White Plaza Hotel, Corpus Christi Plaza Hotel or Corpus Christi Properties Company."

The parties stipulated:

"First, plaintiff asserts that he was injured on the 8th day of April, 1950, in the barber shop which is located in the tunnel of the White Plaza Hotel at Corpus Christi, Texas.

"Second, suit was filed against White Plaza Hotel, Inc. on the 18th day of August, 1951, and on the 5th day of September, 1951, the defendant, White Plaza Hotel, Inc., filed an answer consisting of a general denial.

"Third, on June 26, 1950, there was directed to the White Plaza Hotel, Corpus Christi, Texas, Attention Mr. Jack DeForrest, the following letter: Gentlemen: On the 8th day of April, 1950, at about 1:00 P.M. I opened the door to leave the barber shop in the White Plaza Hotel and my feet slipped out from under me. My fall was due to the slippery tile at the door entrance and the sloping condition of the steps leading to the barber shop. I was very painfully injured and have been under medical treatments ever since. Dr. J. C. Doyle of Portland, Texas, has been attending me. Your consideration of my case will be very much appreciated. Very truly yours, Woody B. Craig.

"Fourth, on July 11, 1950, Dr. John C. Doyle, M. D., directed to Mr. Jack DeForrest, White Plaza Hotel, Corpus Christi, Texas, the following communication: Dear Sir: I am enclosing a bill for Mr. Woody Craig at his in-

struction. Mr. Craig was injured while in your hotel several months ago, and I have treated him as a private patient unaware there was any liability on the part of your hotel. Recently, however, Mr. Craig advised me to get in touch with you, which I did through your secretary. Since I have not heard either from you or your insurance firm, and because Mr. Craig's treatments are rather expensive, I feel you should give this your consideration and advise me if you feel obligated to pay for this bill. Your early answer will be appreciated. Sincerely yours, John C. Doyle, M. D.

"Fifth, that on October 30, 1952, the plaintiff filed his amended petition still complaining of the White Plaza Hotel, Inc. and asserting that it was also known as White Plaza Hotel, Corpus Christi Plaza Hotel and the · C. C. Properties Company.

"Sixth, thereafter on February 20, 1953, the defendant filed an amended answer which did not include a plea in abatement.

"Seventh, that the White Plaza Hotel at Corpus Christi, Texas, is actually owned and operated by a corporation chartered under the name of Corpus Christi Properties Company, and on the 13th day of August, 1945, such corporation filed its affidavit in the Assumed Name Records in the County Clerk's office of Nueces County, Texas, stating that it did business under the assumed name of White Plaza Hotel.

"Eighth, that the Corpus Christi Properties Company further filed of record similar affidavits stating that it did business under the following assumed names: White Plaza Barber Shop, White Plaza Drug Store, White Plaza Beauty Shop, White Plaza Coffee Shop, White Plaza Hotel Garage.

"Ninth, that on February 5, 1944, Corpus Christi Properties Company filed of record in the Assumed Name Records an affidavit stating that it did business under the assumed name of Plaza Hotel.

"Tenth, that the hotel uses and prepares drafts and checks payable to 'The White Plaza Hotel' and endorses such checks 'For Deposit Only' to the following: Corpus Christi Plaza Hotel, White Plaza Hotel, C. C. Properties Company.

"Eleventh, that the stationery is designated as White Plaza Hotel and the door mat says White Plaza.

"Twelfth, that there is a neon sign on the outside of the hotel building which reads 'White Plaza.'

"Thirteenth, that on advertising matches put out by the hotel, one side of the matches reads: 'The White Plaza Hotels of Texas, Jack White, Operator', and on the other side it reads: 'Dallas, San Antonio, Corpus Christi.'

"Fourteenth, that there are three separate and distinct corporations operating three hotels with one in Dallas, one in San Antonio and one in Corpus Christi, and each is known as 'White Plaza Hotel' and Jack White, San Antonio, Texas, is the president of all three corporations operating the three hotels.

"Fifteenth, that the Corpus Christi hotel has bank accounts carried in the name of Corpus Christi Plaza Hotel, White Plaza Hotel and Corpus Christi Properties Company, or C. C. Properties Company, and the checks are issued and in the place of signature on the check it says 'White Plaza Hotel' and under that it is signed by Jack De-Forrest and counter signed by the auditor.

"Sixteenth, that the accident sued upon occurred on or about the premises of the barber shop that is in the basement of the hotel building known as the White Plaza Hotel, located in Corpus Christi, Texas.

"Seventeenth; that the citation was duly served upon Jack DeForrest on August 21, 1951, at 1:10 P. M., and that Jack DeForrest in turn referred the citation to his insurance agents, who in turn referred the citation through Maryland Casualty Company to Kemp, Lewright, Dyer and Sorrell, Driscoll Building, Corpus Christi, Texas.

"Eighteenth, that prior to the filing of such suit notice of the accident sued upon had been given to the Maryland Casualty Company, which had caused an investigation to be made by A. S. Meers Claim Service of Corpus Christi, Texas."

We think the following facts are without dispute: Plaintiff filed his original petition on August 13, 1951, naming the White Plaza Hotel, Inc., as defendant, and among other things alleged that it was a corporation duly organized and existing under the laws of the State of Texas and that it is engaged in the hotel business and operates a hotel in the City of Corpus Christi, and alleged its agent and manager was Jack DeForrest of Nueces County, Texas, and as a ground of negligence plaintiff alleged that defendant was negligent in maintaining a dangerous entrance to its barber shop, in that the same is on a downward slant, the front of the shop opening directly on the tunnel, and that same is an extremely dangerous entrance to the barber shop, and that as the plaintiff opened the door to leave the barber shop he slipped and fell due to the dangerous condition of the door entrance and the sloping condition of the steps leading to the barber shop door; the shop was alleged to be in the tunnel or basement of the hotel and that it was operated by the hotel. To this pleading the White Plaza Hotel, Inc., filed a general denial on September 5, 1951. On October 30, 1952, plaintiff filed his first amended petition in which he still complained of the White Plaza Hotel, Inc., which he alleged is also known as White Plaza Hotel, Corpus Christi Plaza Hotel and Corpus Christi

Properties Company, and that this hotel company is the defendant. The amended pleading alleged among other things that White Plaza Hotel, Inc., White Plaza Hotel, Corpus Christi Plaza Hotel and Corpus Christi Properties Company are each and all trade names or assumed names used by this hotel company. The pleading then states the alleged grounds of negligent conduct resulting in proximately causing his damages and injuries and prays for relief. The injury occurred in the barber shop on April 8, 1950. Citation was served on Jack DeForrest as agent and manager of White Plaza Hotel in Corpus Christi on August 21, 1951; that Jack DeForrest had been manager of this hotel corporation (with its only hotel and only business being in Corpus Christi) since 1942; and that he is also Vice-President of the hotel corporation operating but one hotel in Corpus Christi, and the true charter name is Corpus Christi Properties Company; that the hotel corporation is generally run and the great bulk of its affairs conducted under the name of White Plaza Hotel; that on August 13, 1945 this hotel corporation operated but one hotel and that in Corpus Christi, and bearing the original charter name Corpus Christi Properties Company; that on said date Corpus Christi Properties Company filed an affidavit in the Assumed Name Records of Nueces County stating that Corpus Christi Properties Coming that Corpus Christi Properties Company assumed the name of White Plaza Hotel; that W. B. Craig seasonably gave notice of his injury to the White Plaza Hotel by letter dated June 26, 1950; that when Jack DeForrest received the citation and letters they were promptly forwarded by him to the liability insurance carrier, namely Maryland Casualty Company; that after taking the deposition of Jack DeForrest of the hotel company and ascertaining the discrepancy in the name of the defendant sued, plaintiff then filed his amended pleading pointing out that the correct assumed trade name was White Plaza Hotel instead of White Plaza Hotel, Inc., and he asked for judgment against defendant corporation in its assumed trade name of

White Plaza Hotel and its true corporate name, Corpus Christi Properties Company. Plaintiff alleged that it was the same defendant sued and served at the time he filed his original petition.

If the action against the main defendant was commenced with the filing of plaintiff's original petition, then it was not barred under the provisions of Art. 5539b, Vernon's Ann.Civ.Stats., aforesaid. The disposition of this case is ruled by the pronouncements of our Supreme Court in Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847, and Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816 and O'Quinn v. Scott, Tex.Civ.App., 251 S.W.2d 168 (writ ref.) and authorities there collated. Going back to Abilene Independent Telephone & Telegraph Co. v. Williams, supra, which opinion was written prior to Art. 5539b, supra, we find this pertinent statement in the opinion by Judge Greenwood, defining in effect the doctrine of misnomer. It was there stated [111 Tex. 102, 229 S.W. 848]:

"The misnomer of a corporation defendant has no different effect from the misnomer of an individual defendant. * * * The misnomer of either, which cannot mislead, merely entitles the defendant to abate the proceeding until the misnomer be corrected." (Citing cases.)

We think the statement has some significance here.

When the manager of the hotel in Corpus Christi was served with citation he knew that the hotel company of which he was manager was being charged with a claim for damages growing out of asserted negligence on the part of the hotel company in maintaining its barber shop, and he conducted himself accordingly by advising his liability insurance carrier of the asserted claim against his hotel. The disposition of this case turns on the question of whether the plaintiff's action against the real defendant corporation was commenced when the plaintiff's original petition was filed on August 13, 1951. We think the record in this case shows without doubt that Jack DeForrest, on whom citation was served in each instance, was the same manager and agent and the original petition and the amended petition set out and complained of the same transaction and alleged substantially the same grounds of negligence in each petition. The material change between the original petition and the amended original petition is that in the amended the hotel company is properly sued in its corporate capacity. The hotel company proper was notified of the nature of plaintiff's claim in the original petition and the same counsel that looked after the claim made in the first petition looked after the hotel company after the amended pleading was filed, and the hotel company by the first petition was given time in which to interview witnesses and obtain such evidence as they deemed advisable to defend the suit. It is true that the plaintiff made a mistake in his original petition as to the actual corporate name of the company owning and operating the hotel where he had received his injuries, yet the defendant was at all times fully cognizant of the facts and could not have been misled by the allegations in plaintiff's original petition, nor was the hotel company placed at any disadvantage in obtaining evidence to defend the suit. Under the foregoing conditions, we think it would be a misapplication of Art. 5539b, supra, to hold that plaintiff's action was barred

In appellant's brief we find this statement:

"At bar the *service of citation actually went* to the *managing agent* of the right hotel entity (hotel corporation responsible and clearly identified as White Plaza Hotel *in Corpus Christi*). It did not go and *was not served* on the agent of a hotel entity which happened to be operating way off in Dallas, under the chartered name of White Plaza Hotel, Inc., Jack DeForrest, Manager of the White Plaza Hotel *in*.

*Corpus Christi* (responsible and right defendant) on whom *the citation was served* was not an agent and *in no way connected* with a Dallas hotel entity called White Plaza Hotel, Inc. Accordingly this is not a case where *the wrong defendant* and the agent *for that wrong defendant* is sued and served (mistake in identity). It is a case where the *right defendant* is *sued and actually served* but under a wrong name (mere mistake in name). Had this citation gone off to Dallas and *been served on an agent* of White Plaza Hotel, Inc. *as such* there might be some merit to appellee's position. But the facts are *exactly to the contrary.*

"Such authorities as here listed all support appellant's position that the defendant *sued and intended to be sued* (White Plaza Hotel) put *this corporation on notice* that it, and not some other party had been sued and having appeared and answered and not having filed any plea in abatement, it is in no position to complain of the correction *of the misnomer* by amendment or to urge limitation."

We are in accord with the foregoing views and we think such views bring this cause within the rule announced by the Supreme Court in the foregoing cases, together with the authorities there collated, and that this discussion need not be labored.

Because of the views here expressed we think the trial court erred in granting defendants' motion for summary judgment and for that reason this cause must be reversed and remanded for trial on the merits.

Accordingly, the judgment is reversed and the cause remanded.