## WINERICH MOTOR SALES CO. et al. v. OCHOA.

### No. 9015.

Court of Civil Appeals of Texas. San Antonio.

Feb. 22, 1933.

Rehearing Denied March 22, 1933.

Eskridge & Groce, of San Antonio, and Gibson & Blackshear, of Laredo, for appellant.

Ed A. Mullally and Hicks, Dickson, Bobbitt & Lange, all of Laredo, for appellee.

FLY, Chief Justice.

Appellee, a minor, through her mother, sued the Winerich Motor Sales Company, who will hereinafter be identified as the appellant, and Romeo Salinas, to recover damages inflicted upon her by Salinas while driving an automobile belonging to appellant. The cause was tried by jury, resulting in a verdict and judgment in favor of appellee for $7,500.

■ The main issue in this case is, Was Romeo Salinas, at the time he drove the automobile of appellant against and over the body of Delia Ochoa, in the streets of Laredo, mangling one of her legs, a servant of appellant or an independent contractor in the prosecution of his own business? The evidence showed that appellant's main place of business was in San Antonio; that it had a branch establishment in Laredo. Romeo Salinas was a car repairer engaged in his business in Laredo. He was employed by appellant to repair any breaks or defects in its cars, and he always came to the garage of appellant to make the repairs, and was paid by the piece or job. Salinas had no shop, although he accepted jobs for others, using his own tools in making repairs, and working wherever he could.

On November 20, 1930, one West, an agent and employee of appellant, drove up to the garage of appellant and told Salinas that the motor in the car he was driving, which was the property of appellant, was "missing," and for him to get in and drive around and ascertain the cause of the misses in the motor. Salinas got in the car and drove off, and shortly afterwards ran over the girl, who was crossing the street, crushing one of her legs. At the time he struck the girl he was attempting to locate the trouble in the motor, with a view to repairing or correcting the defect.

The facts in this case were ample to show that the general employment of Salinas did not create the relationship of master and servant between the motor sales company and Salinas. He was an independent contractor, and could not be held to be subject to the orders of the motor sales company. He was following an independent occupation, with his own means and instruments, according to his ideas and methods. He was engaged in an occupation that required expert and skilled knowledge, and necessarily he could act according to his own means and methods. The facts of this case indicate that Salinas was a general contractor. An accurate definition of an independent contractor is quoted by the Commission of Appeals in the case of Shannon v. Western Indemnity Co., 257 S. W. 522, 524. We adopt the definition: "A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be ·that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."

This definition differentiates the employee from the contractor. That is clearly brought out in the Shannon Case.

■ The facts having established that the relationship of employer and general contractor existed between the motor sales company

194

and Salinas, that relationship existed on the day of the accident, unless appellee showed that the relationship had been changed, and that Salinas, for the time being, had changed his position and had become the employee of the Motor Sales Company, and was so acting when the girl was injured by appellant's car. When he was requested by West to get in the car and drive it around the block or along the street, Salinas was idle and had been all day, and he acceded to the request as any automobile mechanic would do under like conditions. While the burden was on appellant to show that Salinas was an independent contractor and not its employee, still, when that relationship was once established between the parties, it would be presumed to exist until it was shown by appellee that the relationship had ceased to exist and that at the very time she was injured that Salinas was acting in the capacity of an employee or servant of appellant. The facts, we think, fail to establish the destruction of one relationship and the creation of another. It would require clear and cogent facts to change a relationship shown to exist and create another totally different from the original relationship. The appellant had destroyed the presumption that, as Salinas worked for appellant, he must be a servant, and the presumption then arose that another and different relationship which had been established remained in full force and effect until the party to be benefited by a change in that relation had proved the change.

It seems to be a policy of the Supreme Court to grant a writ of error in any case where a Court of Civil Appeals reverses a judgment of the trial court founded on a verdict and renders a different judgment, and so it has become the policy of this court to reverse and remand, rather than reverse and render, in cases where verdicts serve as the basis of judgments. It follows that there will be no rendition in this case.

The judgment is reversed, and the cause remanded.