## KIRK v. HARRINGTON.

No. 15407.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 6, 1953.

Rehearing Denied March 6, 1953.

M. J. Flahive, of Austin, Chas. J. Murray and M. Hendricks Brown, both of Fort Worth, for appellant.

Mays & Mays and Dave Miller, all of Fort Worth, for appellee.

MASSEY, Chief Justice.

Appeal from order overruling appellant's plea of privilege. Affirmed.

This is an appeal from an order overruling a plea of privilege filed by Jesse Kirk, Jr., as the only appellant, to a suit denominated by plaintiff's original petition as W. B. Harrington, plaintiff, v. Jack Kirk Truck Lines, a corporation, defendant, domiciled in Milam County, Texas.

The cause of action was for personal injuries and damages growing out of the appellee Harrington's having been struck by a truck on a highway in Tarrant County, Texas, within the corporate limits of the City of Fort Worth, at about 8:15 P.M., on the evening of April 17, 1952. Suit was filed in Tarrant County and appellee maintained venue therein, based on section 9 of Article 1995, R.C.S.1925, Vernon's Ann. Civ.St. art. 1995, subd. 9, which section allows suits based upon crime or trespass to be brought in the county in which such was committed.

From the record before us, there was never any appearance by any legal entity save by Jesse Kirk, Jr., an individual, whose exact connection with the Jack Kirk Truck Lines, a corporation, if any, is not shown except by these words in the beginning of his plea of privilege: "Now comes Jesse Kirk, Jr. who has heretofore been served in the name of Jack Kirk and in the business name of Jack Kirk Truck Lines, and showing the court that Jesse Kirk is the same person as Jack Kirk, files this his plea of privilege, * * *."

The appellee filed a controverting affidavit to this plea of privilege, terming it a controverting affidavit to the *defendant's plea of privilege*, and he also served some written requests for admissions under Rule 169, Texas Rules of Civil Procedure, upon the attorney who filed the plea of privilege for appellant, as requests for admissions of fact to be made by *the defendant*. Answers to such requests for admissions were made and filed by appellant, upon whose attorney service of the requests was had. He predicated such answers with the words, "Now comes *the defendant* in the above entitled and numbered case, and after having been served with requests for admission * * *," and he follows with his numbered answers to the requests, each beginning with the words, *"This defendant* says * * *."* (Emphasis ours.)

A hearing was had before the court, without a jury, upon the plea of privilege so filed. No motion was ever filed in the trial court or on the appeal to correct any misnomer of the defendant in the original suit. No motion to dismiss this appeal is filed, though appellee argues in his brief that a defendant, "a corporation," having been sued, no proper appeal has been taken from the order overruling the plea of privilege.

The notice of appeal is by Jesse Kirk, Jr., and the bond is also by him. The record is silent as to whether or not there is such a concern as Jack Kirk Truck Lines, a corporation, or whether there actually is such a concern being operated by an individual or co-partnership, or otherwise. No show-

ing is made that the defendant as named in the petition, Jack Kirk Truck Lines, a corporation, was ever served or ever appeared in court for any purpose. Neither is there any denial, under oath or otherwise, by anyone that such concern is a corporation. The statement of facts indicates that the appellant and appellee were the only parties present at the hearing in the trial court, and no question was ever raised as to misnomer or as to whether the proper parties were before the court. The court and the parties upon the trial of the plea of privilege treated Jesse Kirk, Jr., as party defendant in the suit, without reference during the course of the hearing as to there being any other party who was or should have been a defendant.

There was no plea in abatement filed in the trial court by appellee to the plea of privilege filed by Jesse Kirk, Jr., nor any exception to it by appellee on any ground. The trial proceeded as to venue as to Jesse Kirk, Jr. There was an adjudication to the effect that exception to the venue statute existed and the plea of privilege so filed by appellant was overruled. However, such order overruling the plea of privilege bore the title of the suit as originally filed and reads as follows:

> "On this the 29th day of September 1952 came on to be concluded the hearing on the defendant's application for change of venue in the above cause, and all parties appearing in open Court through their respective attorneys, and the Court, after hearing the evidence and being fully advised, is of the opinion that said plea should be overruled.
>
> "It is therefore ordered, adjudged and decreed by the Court that the plea of privilege filed herein by the defendant be and the same is hereby in all things overruled, to which action the defendant then and there in open Court excepts and gives notice of appeal.
> * * * "

The appeal bond, bearing the caption of the suit as oiginally filed, recites that "Whereas, in the above entitled and numbered cause pending in the 96th District Court of Tarrant County, Texas, wherein W. B. Harrington is the plaintiff and Jesse

Kirk, Jr. is the defendant, the said Court did on the 29th day of September, 1952, overrule the plea of privilege of the defendant theretofore timely filed to be sued in the County of his residence, * * *." Said bond is executed by Jesse Kirk, Jr., as principal, along with surety company. No complaint has been made as to said bond by appellee. The transcript and statement of facts on appeal styled the case as same was styled in the suit originally filed, but the case is docketed as Jesse Kirk, Jr., appellant, v. W. B. Harrington, appellee, on appeal, and both parties to the appeal briefed the case under this styling.

The appellant complains that the evidence introduced upon the hearing is wholly insufficient to sustain venue in Tarrant County, Texas, against Jesse Kirk, Jr., under the alleged exception to Article 1995, and appellee counters, claiming that suit having been filed against Jack Kirk Truck Lines, a corporation, with corporate status not having been denied under oath, and the suit not being against Jesse Kirk, Jr., who is the appellant, the evidence was sufficient to show that Jack Kirk Truck Lines, a corporation, was the owner of the truck involved in the collision and that such was being operated by and under the control of said defendant corporation at the time of the injuries. This is followed by counterpoints generally replying to the claim of the appellant as to the insufficiency of the evidence.

At the outset, a question to be determined is whether or not there was a lawful adjudication upon the plea of privilege filed in the court below, from which an appeal was taken, of which this court has jurisdiction. There is no question but had this been a trial on the merits in the court below and Jesse Kirk, Jr., been then and there pleading to the merits and trying the merits, he would have been bound by a judgment rendered in behalf of the plaintiff for damages. Under the circumstances of this case, he would have been bound by the judgment as *a* true defendant, if not *the* true defendant, and he would have owed the amount thereunder found as damages to the plaintiff. 65 A.L.R. 1134; White House Lumber Co. v. Denny, Tex.

Civ.App., Amarillo, 1934, 75 S.W.2d 709 (error refused); Paxton v. First State Bank of Tatum, Tex.Civ.App., Texarkana, 1931, 42 S.W.2d 837; Robinson v. Watkins, Tex.Civ.App., Dallas, 1925, 271 S.W. 288 (error refused); Southern Pacific Co. v. Graham, 1896, 12 Tex.Civ.App. 565, 34 S.W. 135; Butler v. Express. Publishing Co., Tex.Civ.App., San Antonio, 1939, 126 S.W.2d 713 (writ refused).

The question is, since all such proceedings were on a dilatory plea filed by Jessse Kirk, Jr., in a suit against a defendant denominated a corporation, whether the proceedings were a nullity or whether they were good proceedings as to Jesse Kirk, Jr., if not as to the defendant named in the suit as filed, to-wit, Jack Kirk Truck Lines, a corporation.

There is no question but that appellant inserted himself in the suit in one of the following capacities: *a real party at interest*; *the real party at interest*; *or intervener with an ultimate or contingent interest*, based upon any liability of the defendant named as a corporation. In any event, his intervention was with interest as a defendant, at least upon the plea of privilege and he should be so treated. 67 C.J.S., Parties, § 69, p. 1009. If appellant was either *a real party at interest* or *the real party at interest*, he was entitled to proceed and to file his plea of privilege. If the intervention by him was based upon an ultimate or contingent interest and obligation predicated upon primary liability being established in the named defendant corporation, as in the cases of liability insurance companies insuring such a defendant, etc., then he would have no right to file a plea of privilege. If any such had been filed, it could have been abated. However, no plea of abatement having been filed to the plea of privilege filed by the appellant, the appellee must be held to have accepted the entry as having been made by Jesse Kirk, Jr., as *a real party at interest*, if not as *the real party at interest*. 67 C.J.S., Parties, § 145, p. 1148. This being so, the adjudication is binding upon the parties who were in court participating in the proceedings held therein upon the plea of privilege

filed by the one of them and controverted by the other on the ground that exception 9 to Article 1995 existed. Should it be required to make a transfer on appellant's plea of privilege, the transfer would be had only in so far as the cause of action filed constituted a cause of action as against Jesse Kirk, Jr., as no service of appellee's controverting affidavit to appellant's plea of privilege having been had on any other party defendant to the suit, the court had no jurisdiction of any other party and the hearing of the plea worked, in effect, a severance between defendants (if there be more than one). Tunstill v. Scott, 1942, 138 Tex. 425, 160 S.W.2d 65.

A plea of privilege is a dilatory plea which a defendant may file at the outset, and subject to action upon it he may afterwards file the other pleas available to him, such as in abatement or to the jurisdiction. 1 Tex.Jur., p. 161, sec. 117.

In any event, by the court's having treated the parties to this appeal as before it with issue joined on appellant's plea of privilege, without objection on the part of appellee, and, by the court's having adjudicated the question of venue based upon the evidence offered upon the issue so joined, and appeal having been taken by one of the persons present in court upon the trial and participating as a party at interest, this court has jurisdiction of the appeal.

A principal point upon which appellant brings forward his appeal is his complaint that the evidence introduced before the trial court was insufficient to sustain venue in Tarrant County against him, Jesse Kirk, Jr., by virtue of the fact that the truck which was involved in the accident with the plaintiff was not shown to have been the truck of such appellant, and further that the evidence did not show that the manner of operation of such truck, if any, at the time of the accident was active negligence of requisite degree to constitute trespass, or constitute a crime as defined in Article 827a, section 8, of the Vernon's Annotated Penal Code, alleged by appellee in his controverting affidavit as basis for venue under exception 9 of Article 1995.

Said appellant by his plea of privilege, under oath, asserts the following: (1) He was served "in the name of Jack Kirk" and in the business name of Jack Kirk Truck Lines"; (2) that Jesse Kirk is the same person as Jack Kirk.; (3) that he, Jesse Kirk, Jr., is a resident of Milam County, Texas.

By his answers to the requests for admission served upon him, the appellant admits that O. A. Witt was his employee, in his service, operating a truck belonging to him in the City of Fort Worth on April 17, 1952, the date of the collision and injury to the appellee. By such answers, such appellant does not admit that his said employee "was acting within the scope and course of his employment" at the time and place of the collision and injuries. But he admits, at least by reasonable inference, that *if such truck did strike the plaintiff* (of which neither he nor his driver knows other than from hearsay), that his driver was acting within the scope and course of his employment *if he was operating the truck "on the route" prescribed by the said appellant,* without stating what was the route so prescribed, and without denial that the collision and injuries occurred on such route.

It is true that if ownership alone of the truck was proven, that would be a mere inference and less than requisite in Texas to support a presumption of agency on the part of the driver thereof at the time of the collision. Moreland v. Hawley Independent School District, Tex.Civ. App., Eastland, 1942, 163 S.W.2d 892, supplemented on other questions in Tex.Civ. App., 169 S.W.2d 227, and cases therein cited; Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., Eastland, 1940, 138 S.W.2d 164.

But appellee, by appellant's own admissions, having established that on the day in question appellant's servant was in Fort Worth operating a truck, in his service, has satisfied the burden incumbent upon him to prove prima facie that such servant was acting in the scope and course of his employment by appellant even at the hour when the collision in question oc-

curred. Such a relationship between appellant and his servant and such performance of the purposes thereof, as between them, having been established, it would be presumed to continue to exist to and including the time of the collision and injuries to appellee, in the absence of any affirmative showing to the contrary by the appellant. This would be true regardless of the part of Fort Worth in which the collision occurred, and agency was shown, if it be additionally shown that *it was the truck of appellant which was involved.* Winerich Motor Sales Co. v. Ochoa, Tex. Civ.App., San Antonio, 1933, 58 S.W.2d 193, reversed on other grounds, 127 Tex. 542, 94 S.W.2d 416, principle declared and approved; In re Black (Black v. Isaak), 1938, 58 Idaho 803, 80 P.2d 24; see also 10 R.C.L., p. 872, sec. 15; 5 Am.Jur., p. 842, sec. 612; 17 Tex.Jur., p. 255, sec. 62.

The next question to be decided is whether or not the fact that the truck observed in the immediate vicinity and at the scene of the collision resulting in injuries to appellee was prima facie the truck of the appellant. Should said truck, so observed, be presumed to have been sufficiently shown to have been the truck of the appellant? There was testimony by Leon Kitchen, an impartial eyewitness, to the effect that the truck so observed at and near the scene of the collision in question, bore the name on the side thereof of "Kirk Truck Lines," and bore an address as Cameron, Texas. It is to be noted that Cameron is the county seat of Milam County, Texas, which County is asserted by appellant in his plea of privilege to be his residence.

The law is well settled in Texas to the effect that a motor vehicle involved in a collision which bears the name or insignia shown to have been that of the party sued may be deemed to have been operated at such time by or in behalf of the party whose name or insignia appears thereon. In this case there was no insignia on the truck and the only name appearing thereon was "Kirk Truck Lines," and the address of Cameron, Texas. Is this sufficient to raise the requisite presumption that this was the truck of the appellant, under the rules of law relating to names or insignias?

There are numerous cases on the point but few as to the sufficiency of the name as designating the owners, absent supplemental proof.

■ It is held that presence of letters or initials on a truck designating the name of a business is insufficient proof as against a defendant to show, in itself, venue as against such defendant, absent additional proof connecting such defendants with such a business. Dillard v. Smith (Rusin v. J. A. and E. D. Transport Co.) 1947, 146 Tex. 227, 205 S.W.2d 366.

In a recent case, where the designation "Strickland" was shown to have been on the side of a truck without anything additional, such was held insufficient to show ownership or agency requisite to hold the defendant. Strickland Transp. Co. v. Atkins, Tex.Civ.App., Dallas, 1949, 223 S.W. 2d 675.

In a case where the members of a copartnership were sued, growing out of an accident involving a truck, the side of which was shown to have borne the name and address of such copartnership, the court said:

"There are many cases holding that where the name of a corporation or an individual is printed on the side of a truck it is sufficient to justify the inference that the corporation or individual is the owner of the truck and that its driver is the agent of the corporation or individual and was acting at the time in the course of its or his employment. (Citing many cases.)

"But we have been unable to find any case holding that such circumstance conclusively establishes the fact of ownership, agency and scope of employment. The firm's name being on the truck could be nothing more than a circumstance which would be sufficient to support the trier of facts in finding that the driver of a truck was the agent of the firm and was acting at the time in the course of his employment, but would not compel him to do so. * * " Walker v. Johnston, Tex.Civ.App., San Antonio, 1951, 236 S.W.2d 534, 536.

It is to be borne in mind that upon the trial of this case that the appellant was in court, at least by and through his attorney of record. There, neither by him, nor any party in his behalf, was any testimony introduced asserting as a fact that his trucks, one of which had admittedly been operated for him on the day in question by O. A. Witt in Fort Worth, Texas, did not bear such a name. Neither was there any testimony by him rebutting such truck's presence at the situs in question. Neither was there any request for time in which to secure rebuttal testimony to that introduced by appellee. Both matters were such as were peculiarly within the appellant's knowledge, and if he could have rebutted same, the testimony whereby he could have done so should have been readily available to him.

■ The name "Kirk" is the same as the last name of Jesse Kirk, Jr., and Cameron, Texas, the address on the truck, is the county seat of Milam County, his residence, which fact could also have been considered in connection with the name "Kirk" by the trier of the facts. Such name on the side of the truck at the time and place in question raises presumption requisite in law entitling the trier of the facts to find that such truck was being operated, in appellant's service, at such time and place. Especially is this so when there was no evidence introduced in his behalf by appellant in rebuttal thereof, coupled with his admissions that he had in operation, in his service, in Fort Worth, on the date in question, a truck and driver.

The presence of the name "Kirk" on the truck, along with the name of the county seat of the county of the residence of Jesse Kirk, Jr., is a circumstance which is sufficient to support the trier of the facts in finding that the driver of the truck was the agent of appellant and was acting at the time in the course of his employment with appellant. The additional facts admitted by Jesse Kirk, Jr., in his pleadings and in his answers to requests for admissions, and his failure to rebut any testimony on these points were all persuasive and in aid of such trier of the facts in arriving at the

564

findings of fact on which his judgment was based. · ·

This leaves the final question as to whether ·or not· the appellee made out a prima facie case connecting the operation of such truck of appellant with appellee's injuries.

.The appellee, in his controverting affidavit, contended .that the truck which struck him upon the occasion in question, having been driven at a dangerous and excessive speed in excess of thirty miles per hour, or at a greater speed than was then and there reasonable and prudent under the conditions then existing, constituted a crime under section 8 of Article 827a of the Penal Code, as well as a trespass.

Section 8 of Article 827a, Penal Code, relates to rate and speed of vehicles, and prescribes under subsection 1(a) that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, having regard to the actual and potential hazards * * * or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions; and in every event, speed shall be so controlled as may be nec-· essary to ·avoid colliding with any person, vehicle, ·or other conveyance on or enter-· ing the highway in compliance with legal requirements and the duty of all persons to ·use· due care." Subsection 1(b) prescribes · speeds in excess of certain stated limits to ·constitute prima facie evidence establishing such as not reasonable or prudent, and hence unlawful, when no special hazard exists which would require lower speeds for compliance with subsection 1(a).

The court filed findings of fact and conclusions of law, in which it was found that the appellee was injured by being struck by a truck after nightfall on the date in question at the place complained of; further that the truck which struck him was appellant's, driven by his employee, O. A. Witt, acting within the scope and course of his employment by appellant, and such truck bore the name "Kirk Truck Lines"; and that appellant committed a crime in Tarrant County, Texas, at said time and place and on the occasion in question, which comes within the violation of Section 8,

Article 827a of the Penal Code, and that appellant's said truck was being operated at such time and place at a greater rate of speed than thirty miles per hour, which was negligence. There was no finding of fact with reference to this having constituted a proximate cause of the collision and appellee's injuries, as alleged by him in his petition and controverting affidavit.

Appellant contends that subsection 6, section 8 of Article 827a, Penal Code, by its provisions, makes it requisite that ·appellee prove proximate cause connecting his injuries and the crime of the appellant, as well as alleging it in his pleadings.

■ Subsection 6 of said Article reads as follows: "Rule in civil actions. The provisions of this Act declaring prima-facie specd limits shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence on the part of the defendant *as the proximate cause of any accident."* (Emphasis ours.) Under this article and subsection, a plaintiff in a civil case tried on the merits, though having shown ·a violation of the act as to excessive speed on the part of a defendant from whom he is seeking relief, is not relieved of the burden of proving that such negligence, the excessive speed, was the proximate cause of his injuries, or of a collision resulting in his injuries. However, such proof of proximate cause in addition to a proving of such negligence is not required in a plea of privilege case, but it is sufficient in a plea of privilege case if the plaintiff's pleadings alone show and allege such. Gann v. Murray, Tex.Sup., 1952, 246 S.W.2d 616.

■ Actually, Article 827a, Section 8, Penal Code, is so broad in its provisions that it might be construed to mean that the operation of a motor vehicle at any speed which resulted in or had to do with a collision between such vehicle and a person or other vehicle constituted a violation. This would be an unduly broad application. But as regards the facts of this case, a construction of the act is warranted to the effect that it is a violation of law when there is a collision between a person upon the highway and a truck operated thereon

at a speed greater than is reasonable and prudent under the conditions then existing, or, with respect to pedestrians, when special hazard exists by reason of weather or highway conditions.

 Under such a construction as applied to this case, considering the fact that the collision in question occurred after nightfall, in inclement weather, and between appellee, a pedestrian, and appellant's truck, the appellant could be held to have violated the provisions of said article.

The witness, Leon Kitchen, observed plaintiff's truck as it passed through an intersection, some three hundred yards distant from the point of the collision and injuries to appellee, and Kitchen turned into the lane being traveled by said truck and was following along behind it when the accident occurred. Without his having testified with particularity as to how far behind said truck he was at the time he saw a person or object collide with the side of the truck (and which person or object was later prima facie shown to have been the appellee by virtue of his having been found on the highway at the point Kitchen made such observation), this distance was without question closer than three hundred yards. He did testify that when he reached the point on the highway where he observed the appellee lying immediately after the collision, he was approximately one hundred yards behind appellant's truck, which never stopped. He testified with sufficient certainty as regards these matters to have warranted the trier of the facts to have believed him, and to find that it was appellant's truck with which appellee collided, and that appellant's truck was being operated at the time at a speed in excess of thirty miles per hour, and that such constituted a crime or trespass warranting the retention of the case for a trial on the merits in Tarrant County, Texas.

The speed of appellant's truck came within the provisions, as to unlawfulness as being excessive, of Section 8, Article 827a of the Penal Code and was a violation thereof. Hence it was a crime. Admittedly such was shown and alleged by appellee's pleadings to have been a proximate cause of the collision, and of his injuries. This is sufficient under authority of Gann v. Murray, supra.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.