Generozo GOMEZ, Appellant,

v.

C. E. NEWLIN, Appellee.

No. 12979.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 29, 1956.

Rehearing Denied March 21, 1956.

Wade & Reeder, Corpus Christi, for appellant.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellee.

NORVELL, Justice.

The question presented by this appeal relates to the form of order which should be entered by a trial court upon a plea of privilege when it is discovered that the person served with citation and asserting the privilege is not the person that the plaintiff intended to sue. Incidental to the form of order is the question of the proper procedure to be followed by a plaintiff when he finds that some person other than the party he intended to sue has been served with the citation.

The plaintiff below, Generozo Gomez, brought this suit in Nueces County against C. E. Newlin, a resident of San Patricio County, to recover damages allegedly caused by an automobile collision which took place in Nueces County, Texas. Two persons by the name of C. E. Newlin, a father and a son, resided in San Patricio County, and upon the hearing of the plea of privilege it developed that the C. E.

Newlin who had been served with citation was C. E. Newlin, Sr., instead of the son, whom the plaintiff intended to sue.

Apparently, the hearing of evidence was concluded upon September 22, 1955, but no judgment was immediately rendered. On September 26th, the plaintiff filed a motion in which he pointed out that his petition designated the defendant as "C. E. Newlin"; that he intended to sue C. E. Newlin, Jr., but that citation had been served upon C. E. Newlin, Sr. He prayed that the cause of action as to C. E. Newlin, Sr., be transferred to San Patricio County, as requested by the plea of privilege, but that the cause of action as to C. E. Newlin, Jr., be retained upon the docket of the District Court of Nueces County for further proceedings. On September 30th the trial judge entered an order overruling this motion, sustaining the plea of privilege and transferring the cause to San Patricio County.

■ We have concluded that the trial court's order was correct and should be affirmed. The petition asserts a single cause of action against a single defendant. Pickens v. Langford, Tex.Civ.App., 270 S.W.2d 285. The fact that two persons having the same name are involved makes no difference in the legal situation presented. If, upon a hearing of a plea of privilege, it appears that the plaintiff intended to sue John Doe, but through inadvertence Richard Roe was served with citation and appeared as a result thereof, the plaintiff should make this circumstance known to the court and request that Richard Roe, who had been brought into the case through an inadvertence be dismissed therefrom. When this has been done, the case as to the defendant sought to be sued remains upon the docket pending the service of citation and subsequent action on behalf of the intended defendant. This course was not taken by the plaintiff in this case. He requested the trial court to treat the petition as one asserting severable causes of action, one against C. E. Newlin, Sr., and one against C. E. Newlin, Jr. The cause of action asserted in the petition is a single cause of action against one defendant, and the filing of a plea of privilege should not result in the pendency of two causes of action against two separate defendants in two different counties. As the plaintiff failed to request a dismissal as to the party inadvertently served, he is not in a position to complain that the court treated the cause as a single cause of action and ordered the same transferred as a unit upon the sustaining of the plea of privilege.

■ The situation disclosed by this appeal apparently is not controlled by precedent. It seems that in charting his course of procedure, plaintiff's attorneys considered the case of Kirk v. Harrington, Tex. Civ.App., 255 S.W.2d 557, as presenting the closest applicable authority. While the analogy suggested by plaintiff is persuasive and for a time was thought worthy of adoption by us, we have concluded that the better procedural practice for cases of this character requires that the plaintiff elect to dismiss an answering party when it appears probable that one other than the party intended to be sued has been served with citation. Then the impossibility of splitting an indivisible cause of action is avoided. 1 Am.Jur. 482, Action, § 97.

Appellee's motion for rehearing is granted. Our former orders and opinions in this cause are set aside and withdrawn. The judgment of the trial court is affirmed. The foregoing shall constitute the opinion of this Court.

Judgment affirmed.