T. D. SMITH, d/b/a Smith Machine Shop, Appellant,

v.

Dr. C. V. ISAAC, Appellee.

No. 3657.

Court of Civil Appeals of Texas. Waco.

July 23, 1959.

Rehearing Denied Sept. 10, 1959.

Zachry & Jones, Waco, for appellant.

Koehne & Fulbright, Sherwin A. Winniford, Waco, for appellee.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiff Smith instituted suit in McLennan County, against defendant Isaac, a resident of Jefferson County, upon a written contract to construct a dog cage. Defendant Isaac filed his plea of privilege to be sued in Jefferson County. Defendant's attorney personally carried a copy of the plea of privilege to the office of plaintiff's attorney, and delivered same to the attorney's secretary. Plaintiff did not file a controverting plea to such plea of privilege until some *twelve* days after defendant's attorney delivered the copy of the plea of privilege to plaintiff's attorney's office. The Trial Court, upon motion of defendant, struck plaintiff's controverting plea and ordered the cause transferred to Jefferson County.

Plaintiff appeals, principally contending that:

1) Defendant did not deliver a copy of the plea of privilege *in person to him or his*

*attorney*, (or by registered mail) for which reason defendant's plea of privilege should be quashed.

2) Good cause existed for the late filing of the controverting plea.

The Trial Court filed findings of fact and conclusions of law in which it found that a copy of defendant's plea of privilege was actually delivered in person to the attorney for plaintiff on 30 January 1959 and that plaintiff filed his controverting plea on 11 February 1959 (more than ten days after the delivery of the plea of privilege). The Trial Court further found that good cause did not exist for the late filing.

The record before us reflects that defendant's attorney carried a copy of the plea of privilege to the office of plaintiff's attorney on 27 January 1959 and gave the instrument to plaintiff's attorney's secretary, stating it was answer in the Smith-Isaac case; that she said she would give it to plaintiff's attorney; that she in fact placed it on his desk; that plaintiff's attorney returned to his office on 30 January 1959 and himself testified that his secretary told him that *an answer* in the Smith v. Isaac case had been brought to his office. Plaintiff's attorney did not actually read the instrument until too late to file the controverting plea within the ten-day period prescribed by Rule 86, Texas Rules of Civil Procedure.

Rule 86 provides that "A copy of such plea of privilege shall be served on the adverse party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading * * * by registered mail * * *. If such adverse party desires to controvert the plea of privilege, he shall *within ten days* after he or his attorney of record *received* the copy of the plea of privilege file a controverting plea under oath * * *."

Under the record before us we think that the plea of privilege was actually delivered to plaintiff's attorney, and that his failure to actually read it does not constitute *good cause* for his failure to file his

controverting plea within the ten days prescribed by Rule 86, supra.

Plaintiff further contends that he was deceived by defendant's attorney calling the instrument *"an answer"*, when in fact it was a plea of privilege, and had defendant's attorney called it a plea of privilege he would have read it and timely filed his controverting plea; and further that such instrument was not labelled on the back thereof as a plea of privilege. Rule 85, T.R.C.P. states that an answer may consist of pleas of privilege as well as other stated pleas.

Defendant's plea of privilege was filed in the statutory form, and absent a timely filing of a controverting plea or good cause shown for failure to so file, the plea of privilege must be sustained. We think the Trial Court correctly struck the controverting affidavit and transferred the cause.

The judgment of the Trial Court is affirmed.