**S. J. ROGERS et al., Appellants,**

**v.**

**Neal H. BARBEE, Appellee.**

**No. 13979.**

Court of Civil Appeals of Texas.

Houston.

June 28, 1962.

The Kempers, Houston, W. L. Kemper, Houston, of counsel, for appellant.

Paul P. Regnier, John E. McGillicuddy, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment overruling a plea of privilege.

On January 23, 1961, Neal H. Barbee filed his original petition naming as defendant Texas State Optical, Inc., in which he sought damages by reason of certain claimed acts of negligence on the part of employees of defendant at "one of defendant's many retail outlets in Harris County, Texas." He also alleged warranty and breach thereof. Citation was issued to "Texas State Optical, Inc., a Texas Corporation" and the Sheriff's Return by the Sheriff of Jefferson County, Texas, recited execution in Jefferson County, Texas, by delivering to the defendant a copy of the citation and a copy of plaintiff's original

petition on January 26, 1961, "by serving N. J. Rogers, Partner."

On February 14, 1961 the defendant's original answer was filed. This answer consisted of a plea of privilege beginning, "Come now each of the Defendants in the above-entitled and numbered cause, including S. J. Rogers and N. Jay Rogers * * *," and an answer to the merits. Included in the plea of privilege was a denial that the defendant "named in this suit as Texas State Optical, Inc.," was a corporation and an allegation that Texas State Optical was the name of the partnership of S. J. Rogers and N. Jay Rogers.

On the 3rd day of March, 1961, plaintiff filed an amended petition in which S. J. Rogers and N. Jay Rogers doing business as Texas State Optical were named as additional defendants. On the same day plaintiff filed his controverting plea to the plea of privilege "heretofore filed by the Defendants, S. J. Rogers and N. Jay Rogers d/b/a Texas State Optical a co-partnership, and Texas State Optical, Inc., * * *"

On March 8, 1961, an answer, including a plea of privilege, was filed for Texas State Optical, Inc. On March 15, 1961 plaintiff filed another controverting affidavit "to the Plea of Privilege heretofore filed by the Defendants, S. J. Rogers and N. Jay Rogers d/b/a Texas State Optical a co-partnership, and Texas State Optical, Inc., a Texas corporation, * * *"

On March 20, 1961, a citation was issued on plaintiff's first amended original petition, which was duly served on March 22, 1961.

Thereafter defendants filed a motion requesting that the Court transfer the case to the District Court of Jefferson County, Texas, as required by the provisions of Rules 86 and 87 of the Texas Rules of Civil Procedure, because, among other reasons, plaintiff failed to file a controverting affidavit within ten days after his attorney of record had received a copy of such plea.

On January 15, 1962, plaintiff's motion to dismiss as to Texas State Optical, Inc., was granted by the Court. The motion to transfer and the plea of privilege were overruled on the same day after a hearing before the Court at which evidence was introduced.

This case is governed by the rule announced by the Supreme Court of Texas in Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840, as follows:

> "When a person intended to be sued is sued and served by a wrong name, and such person fails to appear and plead such misnomer in abatement, and suffers judgment to be obtained, he is bound by such judgment, and in all future litigation he may be connected with such suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected or concluded to the same extent that he would have been if he had been named and served by his true name. 1 Freeman on Judgments, par. 154, p. 279; Abilene Independent Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Tryon v. Butler, 9 Tex. 553; McGhee v. Romatka, 92 Tex. 38, 45 S.W. 552."

The plaintiff intended to sue the owner of the retail outlets in Harris County, Texas, operating under the name of Texas State Optical. Texas State Optical, Inc. was not in existence when plaintiff's cause of action arose. Citation was served on the true owners of the retail outlet named in the petition. Texas State Optical, a Co-partnership, answered by plea of privilege and to the merits. Unquestionably the partnership would have been bound by any judgment rendered. Kirk v. Harrington, Tex.Civ.App., 255 S.W.2d 557.

Plaintiff, by dismissing his cause of action as to Texas State Optical, Inc., demonstrated that the party he intended to sue was the partnership. If the answer had not been filed, a default judgment binding on the partnership could properly have been granted in the corporate name. Abilene Independent Telephone & Telegraph

Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Craig v. White Plaza Hotel, Inc., Tex.Civ.App., 289 S.W.2d 625, writ ref., n. r. e.

In Kirk v. Harrington, supra, the court said:

"There is no question but that appellant inserted himself in the suit in one of the following capacities: *a real party at interest; the real party at interest; or intervener with an ultimate or contingent interest,* based upon any liability of the defendant named as a corporation. In any event, his intervention was with interest as a defendant, at least upon the plea of privilege and he should be so treated. 67 C.J.S., Parties, § 69, p. 1009. If appellant was either *a real party at interest* or *the real party at interest,* he was entitled to proceed and to file his plea of privilege."

Since the plea of privilege was served on February 15, 1961, it appears from the record that no controverting plea was filed within the ten days as required by Rule 86, Texas Rules of Civil Procedure. Plaintiff filed no motion to extend time for filing his controverting affidavit and set up no facts constituting good cause for failure to file his affidavit within the ten day period. Under these circumstances the trial court was without jurisdiction to enter any order other than the order transferring the case pursuant to the plea of privilege. Bell v. Jasper Lumber Co., Tex.Civ.App., 287 S.W.2d 746, error dism.; Farr v. Weeden, Tex.Civ.App., 308 S.W.2d 74; Smith v. Isaac, Tex.Civ.App., 326 S.W.2d 922.

Since the plea of privilege served on plaintiff's attorney on February 15, 1961, was filed on behalf of Texas State Optical, Inc., as well as the partnership, the trial court lost jurisdiction of the case after the ten day period for the filing of the controverting affidavit. The amended petition filed March 3, 1961, would not affect the duty of the trial court to transfer the case to the proper county. Until the order transferring the cause was properly entered, the clerk of the Court could properly accept instruments to be filed in the case. Security State Bank of McCamey v. General Lloyd's Fire & Cas. Ins. Co., Tex.Civ. App., 256 S.W.2d 185; Gomez v. Newlin, Tex.Civ.App., 288 S.W.2d 255.

The judgment of the trial court is reversed and remanded with instructions to transfer the case to the District Court of Jefferson County, Texas.