The **SCHWARTZ CO., INC., Appellant,**

v.

**PAULSEL LUMBER CO., Appellee.**

No. 17959.

Court of Civil Appeals of Texas, Fort Worth.

March 30, 1978.

Rehearing Denied April 27, 1978.

Greenberg & Bach and Robert M. Greenberg, Dallas, for appellant.

Christopher, Bailey & Taylor and M. Ward Bailey, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a venue case. By its original petition in the nature of a sworn account, Paulsel Lumber Company sued The Schwartz Company. The defendant filed an instrument denominated "Defendant's Original Answer". A close examination of this pleading indicates that the document also includes a plea of privilege. Plaintiff did not file a controverting affidavit within the ten days required by Rule 86[1] (1967). Pursuant to Rule 5(b)[1] (Supp.-1978), the plaintiff filed a motion for leave to file his controverting affidavit late. After a hearing on this motion, the trial court found that "good cause" existed for permitting the late filing of the controverting plea and granted leave to the plaintiff to file said plea. Then a hearing was held on the plea of privilege and it was overruled. Defendant has perfected an appeal.

We affirm.

The following is a fair summary of the relevant events leading up to the trial court's order permitting the late filing of plaintiff's controverting plea.

1. All references to rules are to Tex.R.Civ.P.

On March 11, 1977, Paulsel Lumber Company, through its attorney, filed suit against The Schwartz Co., Inc., on a sworn account. On March 24, 1977, plaintiff's attorney received a letter from the attorney for defendant. Accompanying this letter was a pleading styled "Defendant's Original Answer". The transmittal letter also referred to the pleading as an answer. Plaintiff's attorney read the transmittal letter and the style of the defendant's pleading and concluded that the document only contained an "answer", as that term is normally used by attorneys. His reasons for not examining the pleading more thoroughly at the time of receipt were (1) that he was working on an exhaustive brief that had to be filed with the Interstate Commerce Commission, and (2) he was working on various requests for admissions, interrogatories, and other pleadings and documents filed in connection with other litigation that he was handling for various clients.

On April 4, 1977, plaintiff's attorney discovered that the defendant's pleading denominated "Defendant's Original Answer" also included a plea of privilege. Further, he testified that it was necessary to pull the delivery receipts supporting the invoices in order to file an adequate controverting plea. He then notified the Paulsel Lumber Company and asked the person in charge of the records to pull the delivery receipts, but due to the volume of records, it took several days for the company to assemble these supporting delivery receipts.

Realizing that the ten days in which to file a controverting plea had passed, plaintiff's attorney filed a motion to permit the late filing of the controverting plea. After receiving evidence at the hearing on the motion to permit the late filing, the trial court ruled that "good cause" had been shown and granted leave to plaintiff to file the controverting plea. When announcing his decision, the trial court noted that he had reviewed the records of the clerk of his court and that even the clerk's office had not noticed that a plea of privilege had been filed in the case.

■ By its first point of error, the defendant contends that "(t)he trial court erred in holding that good cause had been shown to permit the late filing of the controverting plea of plaintiff for the reason that as a matter of law good cause had not been shown."

Rule 86 [1] (1967) provides in part that if an "adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Rule 5 [1] (Supp.-1978) provides:

"When by these rules . . . an act is required or allowed to be done at or within a specified time, *the court* for cause shown *may, at any time in its discretion* (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) *upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act;* . . . (Emphasis added.)

In support of this point of error, defendant contends that the case of *Smith v. Isaac,* 326 S.W.2d 922 (Tex.Civ.App.—Waco 1959, no writ) is squarely in point. We disagree, because the facts of the *Smith* case can be easily distinguished from the facts of the case before us. In *Smith,* the attorney did not read the document until it was too late to file the controverting plea; whereas, in the case before us, the plaintiff's attorney did read the letter of transmittal and the designation of the type of pleading on the document. Further, in *Smith,* the plaintiff did not file a motion seeking leave of the trial court to permit the late filing. Because of this, we conclude that the trial court in *Smith* had no alternative but to strike the late-filed controverting plea and transfer the cause.

The defendant contends that his pleading styled "Defendant's Original Answer" is in

strict conformity with Rule 85[1] (1967), which provides that the original answer may include a plea of privilege, among others. We agree, but we are also guided by Rule 1[1] (1967), which provides:

"The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law, to the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

As lawyers and officers of the courts, we must never allow ourselves to lose sight of this fundamental objective of the Texas Rules of Civil Procedure.

Based upon the facts in this case, we conclude that the trial court did not abuse its discretion in holding that "good cause" had been shown to permit the late filing of the controverting plea. We particularly disagree with defendant's contention in his first point of error that "as a matter of law good cause had not been shown." Defendant's first point of error is overruled.

By its second through fourth points of error, defendant basically contends that the trial court erred in overruling its plea of privilege.

 In its controverting plea, plaintiff relied upon Tex.Rev.Civ.Stat.Ann. art. 1995, Subd. 5, (Supp.-1978), which is the venue exception applicable where there is a contract in writing to perform an obligation in a particular county, or a definite place therein. See 1 McDonald, Texas Civil Practice § 4.11.1 at 444, et seq. (1965) for a discussion of the necessary venue facts under Tex.Rev.Civ.Stat.Ann. art. 1995, Subd. 5, (Supp.-1978). One of those venue facts is that the claim is based upon a written contract. In establishing this venue fact, the petition is the best evidence of the nature of the suit. Since the trial court can take judicial notice of its contents, it does not need to be formally introduced into evidence. 1 McDonald, Texas Civil Practice § 4.55 at 611–612 (1965).

We have read the entire statement of facts in this case and hold that the signed invoices payable at Fort Worth, Texas, were properly admitted into evidence under Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp.-1978), since a proper predicate was laid for the introduction of those invoices as business records.

We hold that the trial court properly overruled defendant's plea of privilege. The judgment of the trial court is affirmed.